# LAW OFFICES OF
# TODD WENGROVSKY, PLLC.
**285 Southfield Road, Box 585**
**Calverton, New York 11933**
**Tel (631) 727-3400**
**Fax (631) 727-3401**
contact@twlegal.com

<u>via ECF</u>                                    <span style="color:blue">**MEMO ENDORSED.**</span>

Honorable Ona T. Wang                                          February 4, 2026
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007                          <u>Re: Villa v. Garan Services Corp.,</u>
                                            <u>SDNY 25-CV-4609 (RA)(OTW)</u>

Dear Judge Wang:

    I represent Plaintiff in the above-referenced action. This is submitted in response to the Motion to Stay Discovery filed by Defendant on January 30, 2026. Defendant seeks to stay discovery due to Defendant's pending Motion to Dismiss under Rule 12(b)(5). At the Initial Conference on January 28, 2026, the Court discouraged a stay of discovery and emphasized the importance of moving the case forward. Still, Defendant elected to file the instant motion.

    A motion to dismiss does not automatically stay discovery. *Brooks v. Macy's, Inc*., 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) (citing cases), reh'g denied, 2011 WL 1362191 (S.D.N.Y. Apr. 8, 2011). Therefore, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). Moreover, an "overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Clemons v. Hayes*, 2011 WL 2112006, at *3 (D. Nev. May 26, 2011). Defendant bears the burden of demonstrating good cause - more than mere convenience or strategic preference.

    Defendant's argument that discovery will be burdensome is highly disingenuous. To begin with, this case does not involve many third parties in the manner that Defendant's cited cases did. More importantly, Defendant neglected to inform the Court that the present parties have a tremendous advantage over all new litigants - *they have already completed discovery* in a very lengthy TTAB proceeding. In fact, Defendant *already received* most of the medical records at issue. The problem with the TTAB proceeding was that such material was not *introduced into evidence*, not that it was not *served*. Here, it should be noted that Defendant stated "Another factor relevant to good cause is 'the breadth of discovery and the burden of responding to it.' *Miller v. Brightstar Asia, Ltd*., 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020)." In the present case, the medical records are those of *Plaintiff*, not Defendant. As such, discovery here will not be burdensome – *especially for Defendant*.

Honorable Ona T. Wang
February 4, 2026
Page 2 of 4

Next, in arguing that additional delays will not prejudice Plaintiff, Defendant stated that "*this litigation is still in its initial stages, and the Court has not yet endorsed the parties' proposed case management plan*." However, the present parties are not new litigants - Plaintiff's Registration has already remained under a cloud of uncertainty *for years* as a result of prolonged administrative proceedings and Defendant's litigation conduct. This case was filed to finally resolve those issues on the merits in an Article III Court. Further delay would exacerbate ongoing commercial harm, and further impair Plaintiff's ability to conduct business, pursue partnerships, and attract investment. Staying discovery would also reward a strategy of postponement, rather than resolution.

As for the notion of good cause, such requires an analysis of the likelihood of the Motion to Dismiss being granted. Here, Defendant's Motion to Dismiss is regarding service of process only (as distinguished from a motion relating to the *contents* of the Complaint). The Motion to Dismiss will likely be denied because Defendant has been served properly, in full compliance with FRCP 4(h)(1)(B) and N.Y. CPLR 311(a)(1). The motion will also likely be denied because Defendant has already aggressively participated in this action after receiving a Notice of Civil Action in June, 2025, constituting actual notice. Finally, the motion will also likely be denied because, in the alternative, Plaintiff would very likely be granted leave to serve Defendant via alternate means, if necessary.

The summary is as follows: the Summons was issued on August 5, 2025 (Docket No. 11). On the same day, Plaintiff's counsel engaged a reputable and licensed local process service firm, RushReady Serve of Brooklyn. On August 21, 2025, the process service firm personally served Defendant at its corporate office located at 99 Park Avenue, 6th Floor, New York, NY 10016. The process server followed *Defendant's instructions* as to how exactly the Summons and Complaint were to be provided. Such service of process was also well within the applicable timeframe for same.

On September 4, 2025, Plaintiff filed the Affidavit of Service (Docket No. 13). The Affidavit of Service was executed on August 21, 2025 (the same day that service was perfected) by process server Tamara Jones, and it was notarized by Joshua Lee. The next day, on Friday, September 5, 2025, Defendant's counsel contacted Plaintiff's counsel and requested consent to an extension of thirty days to respond to the Amended Complaint, which Defendant had obviously received. Defendant's counsel made no mention of *any* issue with regard to service of process at such time.

The next business day, on Monday, September 8, 2025, as a professional courtesy, Plaintiff's counsel promptly consented to the extension of thirty days provided that defenses based on service of process, jurisdiction, and venue were waived, which is a customary. On September 8, 2025, Plaintiff filed two separate Notices of Appearance (Docket Nos. 14, 15). On September 9, 2025, Plaintiff then filed a Letter Motion for Extension of Time (Docket No. 16), indicating that it would not waive any defenses. Such extension was granted on September 9, 2025 (Docket No. 17).

Plaintiff then filed the Motion to Dismiss on October 14, 2025. As such, on October 14, 2025, the world found out for the first time that Defendant objected to the August 21, 2025 service of process. It is unclear why Defendant needed an additional 30 days to file a short and simple motion with 7 substantive pages.

Honorable Ona T. Wang
February 4, 2026
Page 3 of 4

The process server had followed all lawful instructions for service, and properly executed a notarized Affidavit of Service, confirming delivery to Defendant in person at Defendant's headquarters. These efforts reflect good faith compliance and proper execution of service as required by FRCP 4(h)(1)(B) and CPLR 311(a)(1). The Affidavit of Service was promptly executed on the date of service, confirming personal service. Service was accepted by an authorized company representative, satisfying the requirements for personal service on a corporation under both Federal law and New York law. In addition, the process server was clearly not delivering a "package" but was delivering documents, and the Summons and Amended Complaint consisted of only 7 pages. As admitted by Defendant, "[A] process server's affidavit of service establishes a prima facie case of the account of the method of service . . ." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). As such, service of process was perfected, and Defendant's Motion to Dismiss will almost certainly be denied.

Defendant argues that the sworn and notarized Affidavit of Service was *incorrect*, and that the individuals were not told that the server was serving legal papers. This argument is self-serving, far-fetched, and illogical. The process server would have no motivation to conceal this information, and would simply serve the papers in the ordinary course of business as she does with all corporations. Indeed, there would be no motivation to use trickery in serving a conglomerate corporation.

Though the following should not even be necessary, Plaintiff then voluntarily obtained and filed an Amended Affidavit of Service. The Amended Affidavit of Service was executed on October 22, 2025 by process server Tamara Jones and notarized by Joshua Lee. As the process server stated on the sworn and notarized Amended Affidavit of Service:

> "**I informed the guard that I had legal documents to serve to Garan Services Corp**. They gave me a number to call for someone to come down (212.563.2000). I called the number and was greeted by receptionist Vivienne. **I informed her that I had legal documents to serve to Garan Services Corp**. She told me she would send someone to come down **and accept service**. Moments later, **Gary came down, met with me, and I informed him that I have legal documents for Garan Services Corp. I then handed him the legal documents, he understood and accepted service of the legal documents to Garan Services Corp**." (emphasis added).

The above is all the process server *could possibly do* in dealing with the apparent fortress that is Defendant's headquarters. Defendant's argument is overcome by the sworn and notarized Amended Affidavit of Service, which carries far more weight than a statement by counsel, and truly speaks for itself. The process server simply followed *Defendant's instructions,* and this Court will likely honor the sworn and notarized Amended Affidavit of Service and deny the Motion to Dismiss.

Furthermore, the cases relied on by Defendant are wildly inapplicable here. For example, *Khan v. Ahmed*, 2007 WL 1180567, at *1 (S.D.N.Y. Apr. 13, 2007) was regarding a defendant who denied *residence* at the place of service. In the present case, in contrast, the Defendant is a conglomerate corporation owned by Berkshire Hathaway.

Honorable Ona T. Wang
February 4, 2026
Page 4 of 4

Even assuming, *arguendo*, that a technical defect existed - which Plaintiff strongly disputes - Defendant's own conduct eliminates any prejudice and satisfies due process. The Second Circuit has held that "actual notice and participation in the action may cure technical defects in service." *Grammenos v. Lemos*, 457 F.2d 1067, 1070–71 (2d Cir. 1972). As stated by the Second Circuit in *Grammenos*: "**The standards set in Rule 4(d) for service on individuals and corporations are to be liberally construed**, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice. *Nowell v. Nowell*, 384 F.2d 951 (5 Cir. 1967), cert. denied, 390 U.S. 956, 88 S. Ct. 1053, 19 L. Ed. 2d 1150 (1968); *Rovinski v. Rowe*, 131 F.2d 687 (6 Cir. 1942)" (emphasis added).

Here, Defendant had been served with a Notice of Civil Action back on June 6, 2025, via direct electronic notice from the USPTO, and via e-mail from Plaintiff's former counsel. The Notice of Civil Action included a copy of the Southern District of New York Complaint with index number. Regarding this, Defendant argued that "*notice received by means other than those authorized by statute cannot serve to bring the defendant within the jurisdiction of the court*." While we agree that the Notice of Civil Action was not formal service *per se*, the point is that <u>Defendant knew of the present action all along and has not been prejudiced in any way</u>. Adding this aspect to all of the other factors dictates that Defendant's Motion to Dismiss will very likely be denied.

Due to all of the foregoing, Defendant's Motion to Dismiss does not "appear to have substantial grounds" as discussed in cases such as *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). It is clear that Defendant – a conglomerate corporation who is litigating against an individual – is engaging in unnecessary motion practice to increase the individual's legal fees.

In sum, Defendant's attempt to dismiss on such an alleged technicality - *after confirming receipt of the Summons and Complaint* - serves no legitimate purpose and only delays resolution of this case on the merits. Plaintiff's motion will likely be denied because Defendant has been served properly, because Defendant has aggressively participated in this action, and because, in the alternative, Plaintiff would likely be granted leave to serve Defendant via alternate means, if necessary. Indeed, *dismissal of this entire lawsuit* without giving Plaintiff an opportunity to cure the alleged defect would be wildly unfair to Plaintiff, who has done everything correctly, diligently, and in good faith.

Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery. Plaintiff is ready to proceed with discovery, and requests the entry of a discovery schedule as soon as possible so that there will be no further delays in this litigation.

The motion to stay discovery (ECF 39) is **DENIED**. The parties are directed to file a joint status letter by **June 5, 2026** identifying the discovery that has already been done, including detailing the discovery that can be cross-produced or that already exists as a result of the TTAB proceeding. The parties are further directed to file a new proposed case management by **June 12, 2026** which contains dates that are not tied to Defendants' motion to dismiss. The Clerk of Court is respectfully directed to close ECF 39.

**SO ORDERED.**

_____
Ona T. Wang   May 29, 2026
U.S.M.J.