UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS VILLA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>GARAN SERVICES CORP.,<br><br>                              Defendant. | 25-CV-4609 (RA)<br><br>MEMORANDUM<br>OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

This case concerns a ruling from the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office, which purportedly cancelled Plaintiff Jesus Villa's ownership rights in a registered mark. Plaintiff, who performs under the moniker "Half Animal," alleges that Defendant Garan Services Corporation initiated a TTAB Cancellation Proceeding, arguing that he had abandoned the "HALFANIMAL" mark, which he claims to use in his branded merchandise, with no intent to resume usage in commerce. Plaintiff now brings this action against Defendant appealing the TTAB's decision. Now before the Court is Defendant's motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(5) for failure to properly serve pursuant to Rule 4(h). For the reasons that follow, although the Court agrees that service was improper, it denies Defendant's motion to dismiss, giving Plaintiff thirty days to cure these errors in service.

## BACKGROUND

The following facts are derived from the Amended Complaint and are taken as true and construed in the light most favorable to the plaintiff for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Plaintiff, a performer who previously worked for Cirque du Soleil and has since gone out on his own, "breaking numerous world records," has long entertained under the name Half Animal, which

he registered in connection with merchandise including beanies, pants, t-shirts, and jackets. Dkt. No. 7 ("First Amended Complaint" or "FAC") ¶¶ 7–9. Despite his regular use of the mark, Defendant initiated a TTAB Cancellation Proceeding, claiming that the mark had been "abandoned with no intent to resume usage in commerce." *Id.* ¶ 6. Plaintiff disputed Defendant's standing to bring the proceeding, but nevertheless, on March 31, 2025, the TTAB issued a decision cancelling Plaintiff's ownership in the mark. *Id.*

On May 30, 2025, Plaintiff, originally proceeding *pro se*, filed a complaint seeking an appeal from the decision in *Garan Services Corp. v. Jesus Villa*, Cancellation No. 92074777 (T.T.A.B. 2021) pursuant to Section 21 of the Lanham Act, 15 U.S.C. § 1071(b). *See* Dkt. No. 1 ("Compl."). Plaintiff subsequently retained counsel and on August 4, 2025, filed the First Amended Complaint, which provides a more fulsome basis for his claim. Defendant moves to dismiss pursuant to Rule 12(b)(5), arguing that service was improper. For the reasons that follow, the Court finds that service was in fact improper but nevertheless denies the motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) permits a party to move for dismissal of a complaint due to insufficient service of process. "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).[1] "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. Access IT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Rule 4 provides, in pertinent part, that a corporation may be served in the United States by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

by law to receive service of process." Fed. R. Civ. P. 4(h). In considering a motion to dismiss pursuant to Rule 12(b)(5), a court may look to materials outside the complaint. *Mende*, 269 F. Supp. 2d at 251.

## DISCUSSION

This case turns on whether service of the Amended Complaint and summons was proper. On September 4, 2025, Plaintiff filed an Affidavit of Service, *see* Dkt. No. 13 ("Affidavit of Service" or "Aff. of Serv."), attesting that Defendant was served on August 21, 2025. Plaintiff had retained a local process service firm, RushReady Serve, which sent Tamara Jones, an employee, to attempt service. Dkt. No. 26 ("Wengrovsky Decl.") ¶¶ 5, 7. The Affidavit of Service states that Jones entered the company's building at 99 Park Avenue in Manhattan, New York and informed the guard, later identified as Melvin Matos, that she had "legal documents for Garan Services Corp." Aff. of Service. It goes on to indicate that Matos provided Jones with Defendant's phone number, which she called. Defendant's receptionist, Vivian Nazario, answered and Jones informed her that she had "legal service for Garan Services Corp." *Id.* According to Jones, a few moments later, Luis Jimenez, Defendant's mail courier, "came down and accepted service." *Id.*[2]

In its motion to dismiss, Defendant argues that Plaintiff improperly served its receptionist, or in the alternative, its mail courier, neither of whom were authorized to receive service, and that the process server failed to identify herself as such or make known the contents of the documents she was delivering. Plaintiff, while not outrightly denying any of these assertions, argues that the Court should adopt a flexible approach and look instead to whether or not Defendant was actually put on notice of the lawsuit. For the reasons that follow, the Court agrees that the service in this action failed to comply with Rule 4(h) and corresponding state law.

Defendant first claims that Jones never identified herself as a process server or the contents of the package as legal mail. *See* Dkt. No. 20 ("Def. Br.") at 2–4. This representation is contested by the

---

[2] Jimenez was initially identified as "Gary J." by Jones. *See* Dkt. No. 32 ("Futterman Decl.") ¶ 3; Dkt. No. 21 ("Jimenez Aff.").

Affidavit of Service itself, which states that Jones represented that she had "legal documents for Garan Services Corp." when speaking to Matos and Nazario. *See* Aff. of Service. Defendant, however, submitted affidavits from Matos, Nazario, and Jimenez, which refute this narrative. *See* Jimenez Aff. ¶ 5 ("The woman did not identify herself as a process server, and did not inform me that she was attempting to serve Garan."); Dkt. No. 23 ("Nazario Aff.") ¶ 3 ("I received a phone call from Melvin Matos . . . stating that there was someone at the front desk with a 'delivery' for Garan."); Dkt. No. 22 ("Matos Aff.") ¶ 3–4 ("[A] woman entered the building and informed that she had a 'package' for 'Garan on the 7th Floor.' The woman did not identify herself as a process server, and did not inform me that she was attempting to serve Garan Services Corp.").

Plaintiff does little to counter Defendant's claims, stating instead that "[u]pon information and belief, the process server was clearly not delivering a 'package' but was delivering documents." Wengrovsky Decl. ¶ 12. "To be sure, there is no talisma[n]ic phrase or words that a process server must use when serving process. Rather, under New York law, the object of all service of process is to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him. The party served must in some substantial form be apprised of the fact that service is intended to be made." *Lask v. Rhee-Karn*, 2025 WL 1983441, at *15 (S.D.N.Y. May 6, 2025) (collecting cases).

The Court need not resolve the parties' factual disputes regarding the service of process, since, under either party's account, it finds that service was defective. Even if Nazario, Defendant's receptionist, or Jimenez, its mail courier, were properly apprised of the contents of Jones's package, service would still be improper because, as Defendant argues, neither were authorized to receive service on behalf of the company. *See* Def. Br. at 4–5.

New York law requires service on a corporation by delivery to an agent "empowered with supervisory authority and possessing judgment and discretion to take action on behalf of the corporation," rather than "low-level employees who serve as receptionists or clerks." N.Y. C.P.L.R. §

4

311 (Practice Commentary). Courts have "repeatedly found service on receptionists to be defective." *Crawford v. U.S. Sec. Assocs.*, 2020 WL 61171, at *5 (S.D.N.Y. Jan. 6, 2020) (collecting cases). The same is true for mailroom couriers or other low-level employees of a defendant corporation. *See Anderson v. Maj. League Baseball Props.*, 2000 U.S. Dist. LEXIS 4071, at *1–2 (S.D.N.Y. Mar. 29, 2000) (citing favorably *Broughton v. Chrysler Corp.*, 144 F.R.D. 23, 28 (W.D.N.Y. 1992), which held that "Plaintiff's express delivery was accepted by a mail[]room employee [of the defendant,] who was not a person authorized to accept service of process").

Courts are sometimes willing to uphold service on low-level employees if those employees first "identify themselves or others in the office as having the authority to accept process," and where the process server demonstrated diligence "in seeking to ascertain a proper recipient and the reasonableness of his or her reliance on the representations of the corporation's employees." N.Y. C.P.L.R. § 311 (Practice Commentary 311:2); *Sergreto v. UMH Props., Inc.*, 2021 WL 4755076, at *2 (S.D.N.Y. Oct. 12, 2021). Plaintiff does not contend that service was proper on either employee, but instead claims that Jones did all she "could possibly do" and simply "followed Defendant's instructions." Dkt. No. 25 ("Pl.'s Opp'n") at 6–7. Moreover, he argues that Defendant's receipt of notice and its appearance in this action cure any defects. *Id.* at 8–9.

Unlike those cases in which an employee had apparent authority to accept service, here, there was no reason for Jones to believe that either Nazario or Jimenez were suitable recipients. She did not represent in the Affidavit of Service that she asked either if they were authorized to accept service or that they affirmatively confirmed that they were authorized. Aff. of Service; *see also* Jimenez Aff. ¶ 5 ("She did not ask me whether I was authorized to accept service on behalf of Garan, and I did not say anything to her that would indicate that I am authorized to do so."); Nazario Aff. ¶ 6 ("I am not, and was not at the time . . . authorized to accept service on behalf of Garan, and would not represent myself as authorized to do so."). Plaintiff does not argue otherwise. *See*, *e.g.*, Wengrovsky Decl. ¶ 6–7, 12. As to Plaintiff's retort that actual service can cure such a defect, the Second Circuit has held otherwise:

5

"actual notice does not cure improper service." *Jean-Baptiste v. U.S. Dep't of Just.*, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (summary order). That argument, thus, also falls short.

Finally, Plaintiff urges the Court, should it find that service was improper, to grant him a brief period of time to re-serve Defendant. The Court agrees to do so. "If service of process was not sufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory." *Lewis v. Smith*, 2012 WL 13391388, at *2 (S.D.N.Y. Dec. 23, 2012). Accordingly, it grants Plaintiff thirty (30) days leave to correct service consistent with the Federal Rules of Civil Procedure and to file proof of service with the Court.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to dismiss for insufficient service of process under Rule 12(b)(5). Plaintiff has thirty (30) days from the filing of this Memorandum Opinion and Order to properly file and serve the First Amended Complaint, along with a summons, and to file proof of service with the Court.

SO ORDERED.

Dated:      June 15, 2026
            New York, New York

_____
Ronnie Abrams
United States District Judge

6